**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000373
05-DEC-2016
08:20 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

STATE OF HAWAI'I, Plaintiff-Appellee, v.
BERNARD NICELOTI-VELAZQUEZ, Defendant-Appellant

NO. CAAP-15-0000373

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CASE NO. 2DTA-13-00563)

DECEMBER 5, 2016

FOLEY, PRESIDING J., FUJISE AND REIFURTH, JJ.

OPINION OF THE COURT BY FOLEY, J.

Defendant-Appellant Bernard Niceloti-Velazquez
(**Velazquez**) appeals from the "Findings of Facts and Conclusions
of Law" (**FOFs**), entered on August 29, 2014 and the "Amended
Judgment and Notice of Entry of Amended Judgment," entered on
March 6, 2015 in the District Court of the Second Circuit[1]
(**district court**).  Velazquez was convicted of operating a vehicle
under the influence of an intoxicant in violation of Hawaii
Revised Statutes (**HRS**) § 291E-61(a)(1), (4) (Supp. 2015).[2]

---

[1]     The Honorable Kelsey T. Kawano presided.

[2]     HRS § 291E-61 provides, in relevant part:

        **§291E-61 Operating a vehicle under the influence of an**
                                                    (continued...)

On appeal, Velazquez argues that the district court erred in denying his motion to suppress evidence of his blood alcohol content, which was obtained through a warrantless blood draw pursuant to HRS § 291E-21 (2007 Repl.).

HRS § 291E-21 is the mandatory testing provision contained within Hawaii's implied consent statute. The implied consent statute governs the administration of breath, blood, and urine tests of vehicle operators suspected of driving under the influence of drugs or alcohol. See HRS § 291E-11 et seq. HRS § 291E-21 provides, in relevant part:

> **§291E-21 Applicable scope of part; mandatory testing in the event of a collision resulting in injury or death.**
>
> . . . .
>
> (c) In the event of a collision resulting in injury or death and if a law enforcement officer has probable cause to believe that a person involved in the collision has committed a violation of section . . . 291E-61 . . . the law enforcement officer shall request that a sample of blood or urine be recovered from the vehicle operator or any other person suspected of committing a violation of section . . . 291E-61[.]

The Hawai'i Supreme Court in State v. Entrekin, 98 Hawai'i 221, 47 P.3d 336 (2002) articulated the following standard for applying Hawaii's mandatory testing provision:

> [A] nonconsensual, warrantless blood extraction does not violate the fourth amendment to the United States Constitution, whether the person has been arrested or not, so long as (1) the police have probable cause to believe that the person is [driving under the influence] and that the blood sample will evidence that offense, (2) exigent circumstances are present, and (3) the sample is obtained in a reasonable manner.

---

[2](...continued)
**intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

. . . .

(4)    With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood.

Id. at 232, 47 P.3d at 347 (emphasis added) (interpreting HRS § 286-163 (repealed Jan. 1, 2002), the predecessor of HRS § 291E-21).[3]

> In general, exigent circumstances are present
> when the demands of the occasion reasonably call for an immediate police response. More specifically, it includes situations presenting an immediate threatened removal or destruction of evidence. However, the burden, of course, is upon the government to prove the justification, and whether the requisite conditions exists is to be measured from the totality of the circumstances. And in seeking to meet this burden, the police must be able to point to specific and articulable facts from which it may be determined that the action they took was necessitated by the exigencies of the situation.

Id. at 232, 47 P.3d at 347 (emphasis added and ellipses omitted) (quoting State v. Jenkins, 93 Hawai'i 87, 102, 997 P.2d 13, 28 (2000)).

Velazquez contends the district court erred in finding that exigent circumstances existed to justify the non-consensual, warrantless extraction of his blood sample. In its FOFs denying Velazquez's motion to suppress, the district court concluded that "[e]xigent circumstances exist to justify mandatory, non-consensual blood extraction under HRS § 291E-21 because a person's blood alcohol level by its nature dissipates and is forever lost as time passes." The district court did not cite to any other factors that it may have considered to conclude that exigent circumstances existed to justify the warrantless blood draw. It appears that the district court believed, under the

---

[3]    In State v. Yong Shik Won, 137 Hawai'i 330, 372 P.3d 1065 (2015), the Hawai'i Supreme Court reaffirmed the standard articulated in Entrekin, noting:

> A warrantless [blood alcohol content] test may be required by police pursuant to HRS § 291E-21 from the operator of any vehicle involved in a collision resulting in injury to or the death of any person. Such a test does not offend the Hawai'i Constitution "so long as (1) the police have probable cause to believe that the person has committed a [driving under the influence] offense and that the blood sample will evidence that offense, (2) exigent circumstances are present, and (3) the sample is obtained in a reasonable manner." [Entrekin, 98 Hawai'i at 232, 47 P.3d at 347]. In Entrekin, "exigent circumstances were clearly present." Id. at 233, 47 P.3d at 348.

Won, 137 Hawai'i at 344 n.26, 372 P.3d at 1080 n.26.

authority prescribed by HRS § 291E-21, the risk of alcohol dissipation alone was enough to create an exigent circumstance.

The United States Supreme Court in Missouri v. McNeely, 133 S.Ct. 1552 (2013), however, explicitly rejected such a conclusion and held that "in drunk-driving investigations, the natural dissipation of alcohol in the bloodstream does not constitute an exigency in every case sufficient to justify conducting a blood test without a warrant." Id. at 1568. Instead, the Supreme Court opted for a case-by-case assessment of exigency based on the totality of the circumstances. Id. at 1563 ("Whether a warrantless blood test of a drunk-driving suspect is reasonable must be determined case by case based on the totality of the circumstances."). The McNeely court explained:

> In those drunk-driving investigations where police officers can reasonably obtain a warrant before a blood sample can be drawn without significantly undermining the efficacy of the search, the Fourth Amendment mandates that they do so. We do not doubt that some circumstances will make obtaining a warrant impractical such that the dissipation of alcohol from the bloodstream will support an exigency justifying a properly conducted warrantless blood test. That, however, is a reason to decide each case on its facts, as we did in Schmerber[v. California, 384 U.S. 757 (1966)], not to accept the considerable overgeneralization that a per se rule would reflect.

Id. at 1561 (internal citation, quotation marks, and emphasis omitted).[4]

In support of its decision to reject a categorical finding of exigency based on the risk of blood alcohol dissipation, the Supreme Court in McNeely maintained that "[t]he context of blood testing is different in critical respects from other destruction-of-evidence cases in which the police are truly confronted with a 'now or never' situation." McNeely, 133 S.Ct. at 1561. In addition, the Supreme Court noted that a per se exigency rule "fails to account for advances in the 47 years since Schmerber was decided that allow for the more expeditious processing of warrant applications, particularly in contexts like

---

[4] We note "it is fundamental that, when interpreting our own constitution, our divergence from federal interpretations of the United States Constitution may not convey less protection than the federal standard." State v. Fields, 115 Hawai'i 503, 517, 168 P.3d 955, 969 (2007); see State v. Kaluna, 55 Haw. 361, 368, 520 P.2d 51, 58 (1974) ("In our interpretation of the United States Constitution, . . . [Hawai'i courts] are bound to follow applicable pronouncements by the United States Supreme Court.").

drunk-driving investigations where the evidence offered to establish probable cause is simple." Id. at 1561-62. Specifically citing to Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 41 (h)-(i),[5] which provides for a telephonic means of obtaining a search warrant in Hawaiʻi, the McNeely Court stated that "[w]ell over a majority of States allow police officers or prosecutors to apply for search warrants remotely through various means, including telephonic or radio communication, electronic communication, such as e-mail, and video conferencing." Id. at 1562.

In the case before this court, the record does not support a finding that, given the totality of the circumstances, the police officers could not have reasonably obtained a search warrant before drawing Velazquez's blood sample. Because the district court only cited the risk of blood alcohol dissipation to support its finding of exigency and because the prosecution failed to adequately develop the record to demonstrate that the police officers were justified to act without a warrant, the

---

[5]     HRPP Rule 41 provides, in relevant part:

**Rule 41.     SEARCH AND SEIZURE.**

. . . .

(c)  **Issuance and contents**. A warrant shall issue only on an affidavit or affidavits sworn to before the judge and establishing the grounds for issuing the warrant. . . .

. . . .

(h) **Warrant issuance on oral statements**. In lieu of the written affidavit required under section (c) of this rule, a sworn oral statement, in person or by telephone, may be received by the judge, which statement shall be recorded and transcribed, and such sworn oral statement shall be deemed to be an affidavit for the purposes of this rule. Alternatively to receipt by the judge of the sworn oral statement, such statement may be recorded by a court reporter who shall transcribe the same and certify the transcription. In either case, the recording and the transcribed statement shall be filed with the clerk.

(i)  **Duplicate warrants on oral authorization**. The judge may orally authorize a police officer to sign the signature of the judge on a duplicate original warrant, which shall be deemed to be a valid search warrant for the purposes of this rule. The judge shall enter on the face of the original warrant the exact time of issuance and shall sign and file the original warrant and, upon its return, the duplicate original warrant with the clerk.

district court clearly erred in holding that exigent circumstances existed to justify the warrantless extraction of Velazquez's blood sample.  See State v. Lloyd, 61 Haw. 505, 512, 606 P.2d 913, 918 (1980) ("[T]he question of exigency is addressed to the factfinding function of the trial court, and its findings in that regard will not be set aside unless determined to be clearly erroneous.").  Consequently, the district court also erred in denying Velazquez's motion to suppress.  See Entrekin, 98 Hawai'i at 232, 47 P.3d at 347; see also Won, 137 Hawai'i at 344 n.26, 372 P.3d at 1079 n.26.

Therefore, the "Findings of Facts and Conclusions of Law," entered on August 29, 2014 and the "Amended Judgment and Notice of Entry of Amended Judgment," entered on March 6, 2015 in the District Court of the Second Circuit are vacated and this case is remanded for a new trial consistent with this Opinion.

On the briefs:

David A. Sereno
for Defendant-Appellant.

Richard K. Minatoya
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee.